IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT COURT

AT HUNTINGTON

MONICA ASBURY, et al.,

    Plaintiffs,

v.                                      CIVIL CASE NO.: 3:07-0500

LITTON LOAN SERVICING, LP.,

    Defendant.

**ORDER**

    This matter comes before the Court on plaintiffs' motion to quash and for a protective order, filed October 13, 2008. By their motion, plaintiffs seek to have deposition and document subpoenas served by defendant on plaintiffs' counsel quashed.

    Counsel for plaintiffs in the present action represented plaintiffs in a class action lawsuit against Provident Bank, now known as National City Bank, a case which settled in April 2007. The settlement included a pay-off of plaintiffs' loans, release of deeds of trust and a cash payment. The defendant in the present action, Litton Loan Servicing, LP. ("Litton"), was a servicer of a number of the loans involved in the class action, including those of plaintiffs in this action. In their present complaint, plaintiffs allege that, though counsel advised Litton that they represented plaintiffs in the class action lawsuit and that a settlement had been reached involving pay-off of the loans, Litton continued it collection efforts, contacting plaintiffs directly, in violation of W. Va. Code § 46A-2-128(e).

By its subpoenas, defendant apparently seeks to question counsel concerning whether one of counsel's letters was actually sent to Litton,[1] to learn why the Litton letters were addressed "To Whom It May Concern" instead of individuals "counsel may have known were in a better position to act on the letters' request," the content of the letters, their timing, the frequency and identity of attorneys contacted by the plaintiffs after plaintiffs were allegedly contacted by Litton, and what action was taken or not taken by plaintiffs' counsel after they were advised that Litton was continuing to contact plaintiffs following settlement of the class action and receipt of counsels' letters.

Though counsel for Litton argues otherwise, the burden is on Litton to establish a basis for proceeding with counsels' depositions. As the Court noted in N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (M.D. N.C. 1987), "[b]ecause deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P. protective order unless the party seeking the deposition can show both the propriety and need for the deposition." As is also pointed out in the N.F.A. opinion, id. at 86, "the movant must demonstrate that the deposition is the only practical means available of obtaining the information." While there is not unanimity of opinion on the issue, the great majority of the courts adhere to this view and, though clearly not forbidden by the rules, depositions of an opposing party's counsel are permitted only when, among other conditions, a

---

[1]There are signed return receipts for the three (3) letters involved, and it appears that Litton is uncertain as to what happened to the January 2, 2007 letter from Daniel F. Hedges after it was signed for by Litton's agent.

showing is made that no other means exist to obtain the information sought.[2] Thus, if information sought from a party's counsel could be obtained from other sources, this Court has required exhaustion of such "other sources" before the deposition of counsel is permitted. This case provides no basis for an exception to that practice.

Being cognizant of the court's observation in Hickman v. Taylor, 329 U.S. 495, 504 (1947), that a "party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney" and the admonition with respect to discovery found in 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2177 at 318 (1994), that a "party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party," it seems obvious that the information defendant seeks may be available by means of interrogatories[3] to the parties. Defendant has not asserted that it tried and failed to obtain the information it now seeks from counsel, and, as a consequence, defendant fails to establish a basis for deposing plaintiffs' counsel. The motion to quash and for protective order, insofar as it relates to counsels' depositions, will, accordingly, be **GRANTED**, and it is so **ORDERED.**

---

[2] See West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990); M&R Amusements Corp. v. Blair, 142 F.R.D. 304, 305-06 (N.D. Ill. 1992); Thiessen v. General Electric Capital Corp., 267 F.3d 1095, 1112 (10th Cir. 2001); Dunkin' Donuts, Inc. v. Mandorico, Inc., 181 F.R.D. 208, 209-211 (D. Puerto Rico).

[3] Defendant would argue that interrogatories would have been futile and has asserted in a brief filed with the court that "history indicates that Plaintiffs' counsel do not respond to written interrogatories adequately . . . ." Inadequate responses to interrogatories would, of course, establish the inability to obtain the information defendant seeks from other sources. The court will not, however, resolve this dispute on the basis of an assumption that plaintiffs' interrogatory answers would have been or might have been inadequate.

With respect to the subpoenas for documents,[4] while the parties have not directed their arguments and briefs to issues in dispute with respect to the documents sought, it appears that, with the exception of the documents sought in paragraph 3,[5] relevance is established and, in the form sought, attorney-client and work product issues are avoided.[6] Counsel shall, accordingly, provide copies of the documents subpoenaed to defendant within seven (7) days from the date of entry of this Order, and it is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record.

ENTER: March 10, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] The subpoena served on Pepper & Nason has been withdrawn.

[5] A request for any and all documents relating to the settlement of the class action as it involves plaintiffs appears overly broad and lacking in relevancy.

[6] If documents are withheld on the basis of attorney-client privilege or work product, counsel shall provide a privilege log.

4