IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MONICA ASBURY, et al.,

                Plaintiffs,

v.                                          CIVIL ACTION NO. 3:07-0500

LITTON LOAN SERVICING, LP,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Litton Loan Servicing, LP's Objection to the Magistrate Judge's Order dated March 11, 2009. In that Order, the Magistrate Judge granted Plaintiffs' motion to quash and for a protective order, insofar as it relates to Defendant's subpoenas to take depositions of Plaintiffs' counsel. The Magistrate Judge, however, granted Defendant's request for documents generally related to communications between Plaintiffs and their counsel and between Plaintiffs' counsel and Defendant. Defendant objects to the Magistrate Judge's Order because it prohibits Defendant from taking the depositions of Plaintiffs' counsel. Upon review, the Court **DENIES** the objection.

Pursuant to 28 U.S.C. § 636(b)(1)(A), non-dispositive pretrial matters may be referred to a magistrate judge for hearing and determination. The rule further provides that a district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Likewise, Rule 72(a) of the Federal Rules of Civil Procedure states that a district court "must

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "The Fourth Circuit has held that the 'clearly erroneous' standard is deferential and that findings of fact should be affirmed unless the reviewing court's view of the entire record leaves the Court with 'the definite and firm conviction that a mistake has been committed.'" *Federal Election Com'n v. Christian Coalition*, 178 F.R.D. 456, 460 (E.D. Va. 1998) (quoting *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir.1985)).

In the Order, the Magistrate Judge fully sets forth the relevant facts and this Court sees no reason to reiterate those facts here. In making his decision, the Magistrate Judge rightly determined that it is Defendant's burden to establish a basis for deposing Plaintiffs' counsel. *Order*, at 2 (quoting *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D. N.C. 1987) (stating "[b]ecause deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P. protective order unless the party seeking the deposition can show both the propriety and need for the deposition")). The Magistrate Court also noted that the majority of courts adhere to the view that "'the movant must demonstrate that the deposition is the only practical means available of obtaining the information.'" *Id*. (quoting *N.F.A.*, 117 F.R.D. at 86). In this same vein, the Magistrate Judge recognized that, while deposing opposing counsel is not prohibited under the rules, it is limited to situations in which there is no other means to obtain the information sought. *Id*. at 2-3. Therefore, if other means are available, courts have required exhaustion of those means before

depositions of counsel are allowed. *Id*. at 3.[1] The Magistrate Judge further recognized that interrogatories may be a useful tool in gathering information which is only known by the attorney. *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495 (1947), and 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2177 at 318 (1994)).

Applying this criteria to the facts before it, the Magistrate Judge concluded that "it seems obvious that the information defendant seeks may be available by means of interrogatories to the parties. Defendant has not asserted that it tried and failed to obtain the information it now seeks from counsel, and, as a consequence, defendant fails to establish a basis for deposing plaintiffs' counsel." *Id*. (footnote omitted). Defendant objects to this last finding by the Magistrate Judge and asserts it has attempted to obtain the information from other sources. Specifically, Defendant contends that it has deposed the individual Plaintiffs and has asked them about their contacts with their attorneys and what, if anything, their attorneys did after Plaintiffs contacted them. Defendant states that, when questioned, many of Plaintiffs could not recall who they spoke with or what their attorneys did in response. Defendant also claim that Plaintiffs' counsel are the only individuals who know some of the information Defendant seeks to obtain. In particular,

---

[1] Defendant argues that the exhaustion requirement found in *N.F.A.* should not be applied to this case because *N.F.A.* is factually distinguishable from this case and the conduct Defendant seeks to question counsel about occurred pre-litigation. First, although the Court agrees that the cases are factually different, it does not change the application of the general principles of law espoused in *N.F.A.* Second, this Court will exercise caution before it allows depositions of counsel to occur in this case irrespective of Defendant's contention the activities technically occurred prior to litigation. It is especially true in light of the fact that Plaintiffs' counsel has raised a serious concern that if they must appear as a fact witness in the case, they will be disqualified from acting as trial counsel. Moreover, as will be explained, the Court finds that Defendant has failed to show that the depositions are even necessary to its case.

Defendant would like to inquire about letters that were sent by counsel to Defendant. Defendant argues all of this information is important to challenge Plaintiffs' claims of damages.

Upon review, the Court finds that Defendant takes out of context the Magistrate Judge's finding that "Defendant has not asserted that it tried and failed to obtain the information it now seeks from counsel[.]" The Magistrate Judge is clearly referring to the fact that the information may have been requested through interrogatories to counsel and Defendant had not pursued that option. In fact, in footnote 3 the Magistrate Judge more fully explains by stating:

> Defendant would argue that interrogatories would have been futile and has asserted in a brief filed with the court that "history indicates that Plaintiffs' counsel do not respond to written interrogatories adequately . . . ." Inadequate responses to interrogatories would, of course, establish the inability to obtain the information defendant seeks from other sources. The court will not, however, resolve this dispute on the basis of an assumption that plaintiffs' interrogatory answers would have been or might have been inadequate.

*Id*. at n.3.

In addition, this Court notes that some of the information Defendant seeks is now available to it by virtue of the fact that the Magistrate Judge ordered Plaintiffs' counsel to turn over to Defendants documents which are generally related to communications between Plaintiffs and their counsel and between Plaintiffs' counsel and Defendant. Likewise, as indicated by Plaintiffs, Defendant itself should be aware, or able to ascertain from its own records, when Plaintiffs' counsel contacted Defendant. Indeed, Defendant apparently has reviewed its file and states in its brief that

it "has no record of any such attempts or follow-up by Plaintiffs' counsel." *Defendant Litton Loan Servicing LP's Brief in Support of its Objections to the Order of March 11, 2009*, at 6. In addition, Plaintiffs state "[t]here is no suggestion that counsel phoned Litton in the relevant time period, and there are no documents, aside from the ones already in Litton's possession, evidencing other written communications." *Memorandum of Law in Response to Defendant's Objection to Magistrate Judge Order*, at 7. Given the availability of all this information, Defendant already has in its possession the evidence it may need to advance its arguments regarding a lack of emotional distress and mitigation of damages.[2] Therefore, the Court views the heart of Defendant's remaining request to question counsel about authoring the January 2, 2007 letter.[3]

Defendant argues the letter, which serves the basis of several claims, suffers from serious flaws in the way it notified Defendant that certain Plaintiffs were represented by counsel. Defendant seeks to ask counsel about the letter and its contents essentially to demonstrate that the letter could have been written better. However, the Court agrees with Plaintiffs that the adequacy of the letter speaks for itself, and the Court finds Defendant has failed to establish the necessity of counsel's deposition to explain the letter and its contents. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987) (holding that depositions of opposing counsel should be limited

---

[2]Plaintiffs assert it was under no duty to mitigate damages and such a defense is inapplicable to this case. *Memorandum of Law in Response to Defendant's Objection to Magistrate Judge Order*, at 7 n.3. The Court is not ruling upon this issue in this Memorandum Opinion and Order.

[3]In footnote 2 of its brief in support of its objection, Defendant "concedes that the letters written by Mr. Barrett and Mr. Pomponio are likely adequate to satisfy section 46A-2-128(e), and Litton would not spend much time, if any, discussing the contents of these letters in the depositions of Mr. Pomponio and Mr. Barrett." *Defendant Litton Loan Servicing LP's Brief in Support of its Objection to the Order of March 11, 2009*, at 5 n.2.

to instances in which the party seeking the deposition shows: "(1) no other means exist to obtain the information . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case").[4]

The Court also rejects Defendant's argument that the Court should treat its request to depose Plaintiffs' counsel the same as any other request to depose a witness because the attorneys' conduct was pre-litigation. Even in cases which distinguish between pre- and post-litigation conduct, courts still apply a balancing test between "the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the

---

[4]Although the *Shelton* criteria has not been specifically adopted by the Fourth Circuit, it has been applied by courts within this Circuit and by some other circuits. *See N.F.A.*, 117 F.R.D. at 86; *In re Fotso*, No. 05-29843PM, 2006 WL 4482001 (Bankr. D. Md. Nov. 22, 2006); and *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001); *Nguyen v. Excel Corp.*, 197 F.3d 200, 208-09 (5th Cir. 1999); *but see Kaiser v. Mutual Life Ins. Co.*, 161 F.R.D. 378, 382 (S.D. Ind. 1994) (rejecting *Shelton*, but requiring party seeking deposition "to make a preliminary showing of relevance").

In *In re: Subpoena Issued to Dennis Friedman*, 350 F.3d 65 (2d Cir. 2003), the Second Circuit declined to adopt the *Shelton's* criteria, finding "the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed depositions would entail an inappropriate burden or hardship." 350 F.3d at 72. Under this approach, the Second Circuit stated courts should look at considerations such as the necessity of counsel's deposition, counsel's role in the discovery matter in relation to the current litigation, the likelihood of encountering privilege and work-product issues, and the amount of discovery already performed. "These factors may, in some circumstances, be especially appropriate to consider in determining whether interrogatories should be used at least initially and sometimes in lieu of depositions." *Id*.

As mentioned above, Defendant in this case did not attempt to use interrogatories to get the information at issue and much of the information Defendant seeks is already available to it from other sources. In addition, the Court finds that Defendant has failed to show the necessity of deposing opposing counsel with respect to the January 2 letter. Thus, the Court finds that Defendant's arguments to depose counsel fails under either of these approaches.

adversary process itself." *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D. N.J. 1990); *see also Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730-31 (8th Cir. 2002) (finding *Shelton* does not apply to a situation in which counsel is deposed about prior litigation and there are no concerns about abuse of the discovery process, delay, or additional litigation costs). In this case, the Court finds the balance weighs against allowing the depositions given the availability of the most of the information from other sources, the lack of necessity of the depositions, and the undue burden it will place upon Plaintiffs, particularly in light of the serious issues raised as to whether counsel will have to disqualify themselves if called as a witness in this case.

Accordingly, for the foregoing reasons, the Court finds the Magistrate Judge's decision to quash the subpoenas issued for counsels' depositions was not clearly erroneous or contrary to law. Therefore, the Court **DENIES** Defendant's objection.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 9, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE